UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERNEST A. SWINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-cv-00967-MTS |
| | ) |
| EQUAL EMPLOYMENT | ) |
| OPPORTUNITY COMMISSION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Second Application to Proceed in District Court Without Prepaying Fees or Costs. Doc. [12]. Having reviewed the Application and the financial information provided in support, the Court concludes that Plaintiff is unable to pay the fees and costs of this litigation. The Court will therefore grant the Application. 28 U.S.C. § 1915(a). Nevertheless, the Court will dismiss this action for the reasons discussed below. *Id.* § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Federal law allows individuals who cannot afford court fees to file lawsuits without prepaying those fees, a status known as proceeding "in forma pauperis." *See id.* § 1915(a). While this provision promotes access to the courts, it includes statutory safeguards that require the Court to evaluate a complaint before issuing service of process on defendants. Under this initial screening process, the Court must dismiss any complaint that (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3)

seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2).

The Court must liberally construe complaints filed by self-represented individuals under § 1915(e)(2). *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). If the essence of an allegation is discernible, the district court should interpret the complaint in a way that allows the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Liberal construction, however, does not exempt self-represented plaintiffs from the fundamental requirement of pleading facts sufficient to state an actionable claim. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court will not supply additional facts or construct legal theories to support a plaintiff's claims. *Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004).

To adequately state a claim for relief, a complaint must include sufficient factual detail to demonstrate that the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" are insufficient. *Id.* at 678. A claim is plausible if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## The Complaint

Plaintiff purports to bring this action under 42 U.S.C. § 1983 against the Equal Employment Opportunity Commission ("EEOC").[1] Plaintiff states that he filed an inquiry

---

[1] "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). A federal agency is not a "person" acting under color of state law. *See Abram v. Dep't of Agric.*, No. 98-3256, 1999

2

with the EEOC on October 23, 2020, regarding perceived illegal employment practices—including a hostile work environment and race discrimination—at Hubbell Power Systems. The inquiry related to an incident where the plant manager told Plaintiff he could not wear a shirt that said "IUE-CWA supports Black Lives Matter."

Plaintiff filed a second inquiry in December 2020 relating to sexual harassment by a coworker, and retaliatory actions by his employer and the union. During a call on June 10, 2021, an EEOC investigator informed Plaintiff that the agency would consolidate two of his complaints but that the third should have been sent to the National Labor Relations Board. On December 7, 2021, the EEOC informed Plaintiff via email that it had "drafted a Charge of Discrimination" against Hubbell. According to Plaintiff, "three hundred days had now lapsed, time barring the Title VII violation compliant [sic] before ever given to Plaintiff for review[.]"

Plaintiff alleges that an EEOC investigator neglected the charge for an additional 454 days. He asserts that this neglect violated his constitutional rights and several statutes, including Missouri Revised Statute § 286.050, the Administrative Procedure Act ("APA"), the Equal Employment Opportunity Act ("EEOA"), and the Civil Rights Act. The EEOC eventually issued a right-to-sue letter on April 20, 2023, but Plaintiff contends that his Title VII claim was time-barred due to the EEOC's delays. He states that the EEOC's conduct "mak[es] this a valid *Bivens* claim" and he seeks compensatory and punitive damages, as well as injunctive relief to ensure the EEOC properly adjudicates his claims.

---

WL 793536, at *1 (8th Cir. Sept. 27, 1999) (per curiam); *Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011).

3

## Discussion

"Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge." *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) (collecting cases).  As other courts have recognized, Title VII of the Civil Rights Act—as amended by the EEOA—provides an "all-purpose remedy" for charging parties who are dissatisfied with the EEOC's handling of their charge.  *Ward v. EEOC*, 719 F.2d 311, 313–14 (9th Cir. 1983) (quoting *Hall v. EEOC*, 456 F. Supp. 695, 701 (N.D. Cal. 1978)).  That is, even if Plaintiff was dissatisfied with the EEOC's handling of his charge, he could have filed a Title VII action directly against his employer after receiving the right-to-sue letter.  Title VII does not provide for a cause of action against the EEOC itself.  *Mora v. Barnhart*, 2:12-cv-02215-JLR, 2013 WL 2285970, at *4 (W.D. Wash. May 22, 2013) ("By enacting Title VII, Congress intended to create a private right of action against the employer—rather than the EEOC—in order to remedy the EEOC's mishandling of a discrimination charge.").

Plaintiff cannot avoid this reality by invoking the APA.  "The APA does not provide a cause of action to challenge the actions taken by the EEOC in processing Plaintiff's discrimination complaint." *McCall v. Yang*, 179 F. Supp. 3d 92, 95 (D.D.C. 2016). "The EEOC's negligence or inaction in the internal processing of a complaint has no determinate consequences because such actions are merely preparatory to a lawsuit by either the EEOC or the charging party in federal district court; only the district court may fix liability." *Ward*, 719 F.2d at 313–14 (citation omitted).

4

Plaintiff also cannot maintain a *Bivens* action against the EEOC. "A *Bivens* claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." *Buford v. Runyon*, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998). *Bivens* does not extend to federal agencies.[2] *See FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994) (refusing to extend *Bivens* to federal agencies and noting an individual must be named as defendant under *Bivens*).

Finally, despite repeated references to Missouri Revised Statute § 286.050, Plaintiff does not assert a plausible state law claim. Section 286.050 provides that "[e]ach member of the [Missouri Department of Labor and Industrial Relations], the secretary and each head of a division within the department . . . shall take and subscribe to an oath or affirmation to support the Constitution of the United States and of this state and to faithfully discharge the duties of the person's office." Plaintiff fails to demonstrate how this Missouri statute has any relevance to the EEOC, a federal Commission. *Cf.* U.S. Const. art. VI, cl. 2 (Supremacy Clause). And even if the statute had any relevance to the EEOC, Plaintiff has not demonstrated that the Missouri statute provides a private right of action. *See Neighbors Against Large Swine Operations v. Cont'l Grain Co.*, 901 S.W.2d 127, 130 (Mo. Ct. App. 1995) ("Missouri will permit the implication of a private right of action in only the

---

[2] Putting aside that a *Bivens* claim cannot proceed against a federal agency, there is no reason to think *Bivens* should be extended to this novel context. *See Egbert v. Boule*, 596 U.S. 482, 486 (2022) (noting the Supreme Court has "declined 11 times to imply a similar cause of action for other alleged constitutional violations" and explaining that "in all but the most unusual circumstances, prescribing a cause of action is a job for Congress, not the courts").

narrowest of circumstances." (citing *Johnson v. Kraft Gen. Foods, Inc.*, 885 S.W.2d 334 (Mo. banc 1994))).

## Conclusion

For the foregoing reasons, the Court finds that Plaintiff has failed to state a plausible claim for relief against the EEOC. Therefore, the Court will dismiss this action under 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Second Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [12], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Clerk's Default, Doc. [8], is **DENIED**.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 30th day of October 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE